IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41127
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE NELSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:97-CR-83-ALL
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dwayne Nelson appeals his guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He argues that the district court erred by applying the sentence-enhancement provision of § 924(e) without ascertaining whether four of his previous convictions for burglary of a building met the definition of "violent felony" as defined in § 924(e).

The Appellee asserts that Nelson's notice of appeal was untimely. Judgment was entered on September 8, 1998; therefore,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the notice of appeal, dated September 15, 1998, was timely.
See Fed. R. App. P. 4(b)(1)(A)(i).

In Taylor v. United States, 495 U.S. 575, 599 (1990), the
Supreme Court concluded that a person has been convicted of
burglary for purposes of a § 924(e) enhancement if he is
convicted of any crime having the basic elements of unlawful or
unprivileged entry into, or remaining in, a building or
structure, with intent to commit a crime.  The Court further
stated that "if the defendant was convicted of burglary in a
State where the generic definition has been adopted, with minor
variations in terminology, then the trial court need find only
that the state statute corresponds in substance to the generic
meaning of burglary."  Id.

In United States v. Silva, 957 F.2d 157, 161-62 (5th Cir.
1992), we held that Texas Penal Code § 30.02, which criminalizes
burglary of a building, is a generic burglary statute containing
all the essential elements required by Taylor.  Accordingly, the
judgment of the district court is AFFIRMED.